Moses A. Berridge v. George R. Slawson and Albert W. Lobdell.

*Partnership—Retirement of member—Continuation of business—Evidence.*

In this case it is held that the question whether the defendants continued to do business as copartners under the old firm name after the retirement of plaintiff, and whether defendant Lobdell had knowledge of such retirement, and of the giving of a new note by the new firm to renew notes due at the time of such retirement, which the new firm were to pay, and which new note plaintiff indorsed and paid at maturity, was properly submitted to the jury, and that an affirmative finding by them warranted a verdict in favor of plaintiff for the amount so paid.

---

[1] See *Chappell v. Barkley,* 90 Mich. 35.

Error to Mecosta. (Palmer, J.) Argued January 5, 1893. Decided January 20, 1893.

*Assumpsit.* Defendant Lobdell brings error. Affirmed. The facts are stated in the opinion.

*D. E. Corbitt,* for appellant, contended:

1. One partner cannot maintain an action at law to recover his share of the partnership funds received or appropriated by his copartners, nor for advances or loans made by him to the firm, nor to reimburse himself or for contribution for debts of the firm paid by him out of his private funds, and this rule is not affected by the fact that such payment was compulsory; citing 17 Amer. & Eng. Enc. Law, 1256.

*M. Brown,* for plaintiff, contended:

1. Defendants were held to be copartners in this same business; citing *Lobdell v. Slawson,* 90 Mich. 201; and, by continuing the business as they did after plaintiff sold his interest to Slawson, they are presumed to be partners; citing *Frederick v. Cooper,* 3 Iowa, 171, 183.
2. The court, assuming that the question of partnership was a question of fact, submitted the case to the jury, and this was proper if there was any conflict of evidence; citing *Chamberlain v. Jackson,* 44 Mich. 320; *Densmore v. Mathews,* 58 Id. 623; *Kingsbury v. Tharp,* 61 Id. 223; *McDuffie v. Bartlett,* 3 Penn. St. 317; and if plaintiff were a partner he could maintain this suit; citing *Carpenter v. Greenop,* 74 Mich. 664.

LONG, J. June 2, 1883, plaintiff and the two defendants entered into a partnership business under the firm name of A. W. Lobdell & Co., for the purpose of purchasing logs, lands, and timber, and of manufacturing lumber and shingles. Each partner was to put in one-third of the capital necessary to prosecute the business, each having a one-third interest in the profits therein. By the terms of the articles of copartnership, Lobdell agreed to sell, and did sell, an undivided two-thirds interest to Berridge and Slawson in a shingle mill and a large quantity of personal property, and also a two-thirds interest in a land contract

then held by him, Berridge and Slawson agreeing to pay two-thirds of the purchase price of the land under such contract. The partnership continued between the three parties from that date up to the fall of 1885, during which time the business was carried on as contemplated by the articles of copartnership, when Mr. Berridge, the plaintiff here, sold and transferred all his interest in the copartnership business and property to Mr. Slawson. At the time of this sale the partnership indebtedness amounted to about $12,000, a part of which consisted of notes in the bank, given by the copartnership. After the sale by plaintiff of his interest in the partnership to Slawson, the plaintiff gave notice of his retirement from the firm, by publishing the same in a newspaper at Greenville, where the principal business of the partnership was conducted. This notice came to the attention of Mr. Lobdell. Thereafter the business was carried on under the name of A. W. Lobdell & Co., the same as before, Mr. Lobdell himself having the principal charge, up to May, 1888, when the copartnership was dissolved.

Before Berridge sold out his interest to Slawson, a note of $4,000 was held by the bank, which had been given by A. W. Lobdell & Co. After the plaintiff retired from the firm, this note was renewed from time to time by A. W. Lobdell & Co. through Mr. Slawson, the plaintiff becoming an indorser upon it. Some other indebtedness was also owing to the bank by the company. A new note was given by the firm as a renewal, and indorsed by the plaintiff. It appears that this note was taken up by the plaintiff, and the present suit is brought to recover against the defendants, composing the firm of A. W. Lobdell & Co.

The defense interposed is that Mr. Lobdell never assented that the plaintiff might retire from the firm; that the money due upon the note should be paid by the old firm

of A. W. Lobdell & Co., of which the plaintiff was a member; and that, when the plaintiff retired from the firm, it worked a dissolution of the partnership, Lobdell never assenting to continue tbe partnership business with Slawson alone.

The court submitted the question to the jury whether Lobdell had notice of the sale by plaintiff to Slawson of his interest, and whether Lobdell had notice of the execution and delivery of this note, and whether at such time Lobdell and Slawson were partners, and still carrying on the business under the firm name of A. W. Lobdell & Co. These were the only questions in dispute between the parties.

We are satisfied that there was some testimony which had a tendency to show that Lobdell continued in the partnership and assisted in the conduct of the business under the firm name of A. W. Lobdell & Co., after he had been fully apprised that Slawson had purchased all of the plaintiff's interest in the firm business; and it appears that from that time the plaintiff never took any part in the affairs of the new firm of A. W. Lobdell & Co. The court charged the jury:

"The mere fact of Berridge having sold and transferred his interest in the firm to Slawson, one of his copartners, would not, of itself, have constituted the two remaining members partners, and neither could bind both without the knowledge or consent of the other. It would be competent, however, for the two remaining members to continue in business as before, under the name of A. W. Lobdell & Co. And if you believe from the evidence that Lobdell and Slawson, the remaining members, after the sale by Berridge to Slawson of his interest, continued the business as before under the name of A. W. Lobdell & Co., and Lobdell had knowledge of the fact of the giving of this note, and that he and Slawson were copartners, then this plaintiff is entitled to your verdict. Berridge is not the maker of this paper; he is only liable as the indorser; and, if the Greenville bank had neglected to protest it, they

could not have held him.    He was simply subrogated to
the rights of the bank, and whatever suit the bank might
have brought against Lobdell & Co., Berridge can maintain."

The jury found a verdict in favor of the plaintiff for the
amount claimed.    Lobdell alone brings the case to this
Court.

The testimony shows that, after Berridge retired from
the firm, Lobdell and Slawson continued in the same line
of business, and added the new business of manufacturing
lumber.    They understood, apparently, that Lobdell con-
tinued to own a one-third interest in the firm and Slaw-
son two-thirds, and that Berridge had no interest whatever
in the business.    Lobdell had charge of the affairs,
signed checks and notes in the name of A. W. Lobdell &
Co. for the three years after Berridge withdrew from the
firm, paid off much of the old indebtedness, and Berridge
was never called upon during that time to contribute any-
thing to the firm account, or to assume any of its liabili-
ties.    The notes out of which the note in suit grew, while
originally a part of the indebtedness of the old firm, were
renewed by a new note given by the new firm of A. W.
Lobdell & Co., without any attempt to hold Berridge as
one of the makers.    When renewed, Berridge, at the
request of Slawson, became an indorser upon it, and was
never treated by Lobdell and Slawson as one of the makers,
and evidently was not so regarded by the bank when it
was discounted.    During the period of two years before
the final dissolution of the firm, Lobdell and Slawson cut
about all the timber upon the partnership lands, manu-
factured it into lumber and shingles, sold it, and kept the
proceeds.    In 1886 or 1887 they examined the books of
the firm, and Slawson was credited with two-thirds inter-
est in the firm, and Lobdell with one-third, and the
accounts of the firm were figured on that basis; and some
testimony is given tending to show that Lobdell knew about

the renewals of these notes. We think the 'question was fairly submitted to the jury whether Lobdell and Slawson continued as partners after Berridge retired from the firm.

Judgment must be affirmed, with costs.

The other Justices concurred.